IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Phillip Lamont Drake, ) | Civil Action No. 4:12-3659-TLW |
| ) | Cr. No. 4:09-950 |
| Petitioner, ) | |
| vs. ) | |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Phillip Lamont Drake, (hereinafter "Petitioner" or "Defendant"). On August 25, 2009, a federal grand jury indicted Defendant in a single count indictment charging him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of crack cocaine and 100 kilograms or more of marijuana all in violation of 21 U.S.C. § 846. (Doc. # 2). On January 6, 2010 , Defendant pled guilty to Count 1 of the Indictment. (Docs. # 165, # 168, & # 171). On June 23, 2010, Defendant was sentenced to 190 months imprisonment, to be followed by 10 years of supervised release after the Court granted the Government's motion for downward departure. (Docs. # 262, # 267). The Judgment was entered on June 25, 2010. (Doc. # 267). Defendant did not appeal his conviction or sentence.

On October 23, 2012, (over two years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 372). On April 12, 2013 23, 2012, the Government filed a motion to dismiss the petition with a supporting memorandum. (Docs. # 376, # 377). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was

1

advised by Order filed April 12, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 378). Petitioner filed a response on May 3, 2013. (Doc. # 380). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's motion. (Doc. # 376). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**DISCUSSION**

In his petition,[1] Petitioner asserts that he was improperly characterized as a career offender and that he is entitled to relief based on the recent decision of United States v. Simmons, 635 F.3d 140 (4th Cir. 2011). The Government has asked that Petitioner's petition be dismissed as time barred.

The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over two years before he filed the current § 2255 Motion. Again, Petitioner was sentenced on June 23, 2010, and the Judgement was entered on June 25, 2010. Under Fed. R. App. P. 4(b)(1)(A), Petitioner had 14 days after the entry of the judgement to file a direct appeal. However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the

---

[1] Petitioner's October 23, 2012, filing was entitled "Motion for Consideration of United States v. Simmons." After notice to and without objection by Petitioner, this filing has been construed as an application under 28 U.S.C. § 2255 as it attacks Petitioner's conviction and sentence.

time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about July 9, 2010, which is also the date the one year limitations period began to run. Thus, under § 2255(f)(1), Petitioner had one year, specifically until July 9, 2011, in which to file his § 2255 Motion. However, Petitioner did not file his § 2255 Motion until October 18, 2012, at the earliest (the date he placed his Motion in the prison mailing system), over 2 years after his judgement of conviction became final, and over one year after the statute of limitations for filing his habeas petition ran. Accordingly, the Court is constrained to concludes that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Additionally, the Court does not find that potential triggering date set forth in Section 2255(f)(2) applies to this case. Petitioner does not even allege, much less establish, any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Petitioner attempts to rely upon the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), both for its substantive holding and as a basis to justify the lateness of his petition. To the extent that Petitioner appears to contend that his motion is timely under 28 U.S.C. § 2255(f)(3) because it provides a one year statute of limitations for newly recognized rights by the United States Supreme Court, Section 2255(f)(3) does not alleviate Petitioner's timeliness issues because Petitioner filed his motion more than one year after the Supreme Court's decision in

5

Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).[2] Although Petitioner cites to the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), the Fourth Circuit's decision merely applied the rule announced in Carachuri-Rosendo from 2010. Simmons is a Fourth Circuit decision, not a Supreme Court decision. As such, Simmons does not reset the clock on the limitations period under §2255(f)(3). Instead the relevant case to look at for purposes of the statute of limitations would be the Supreme Court case of Carachuri-Rosendo. The Supreme Court issued its decision in Carachuri-Rosendo on June 14, 2010. Thus, because Petitioner did not file the current motion until October 18, 2012, the one year time period provided for in 2255(f)(3) had expired. Additionally, the Court notes that the Carachuri-Rosendo decision has not been made retroactively applicable to cases on collateral attack. See 28 U.S.C. § 2255(f)(3). In fact, the Fourth Circuit has specifically addressed the retroactivity of Carachuri-Rosendo in its recent decision of United States Powell where the Court held as follows:

> Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.
>
> United States v. Powell, 691 F.3d 554, 2012 WL 3553630 (4th Cir. 2012).

After careful review and consideration, this Court concludes that Petitioner's motion should be dismissed as untimely under the relevant case law.

Petitioner also argues that his Petition is untimely under 28 U.S.C. § 2255 (f)(4). He asserts that:

---

[2] To the extent the Fourth Circuit in Simmons relied on United States v. Rodriguez, 553 U.S. 377 (2008), the same analysis the Court has outlined with respect to Carachuri-Rosendo also applies.

the limitations period began to run from the date he arrived at federal prison and received knowledge of the Fourth Circuit's decision in United States v. Spanger, 458 Fed. Appx. 237 (4th Cir. Per Curiam Dated Dec. 15, 2011), which relied on Simmons. In other words, Drake contends the limitations period began to run when Spanger itself was decided. Specifically, Drake explains that he relies on § 2255(f)(4), which provides that the statute of limitations runs one year from "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Defendant essentially argues that the motion is timely because the Fourth Circuit's decision in Simmons, (and Spanger, which Petitioner asserts relied on Simmons) is a "fact" that warrants application of § 2255(f)(4). However, the issuance of a legal opinion which is not a part of a defendant's prior litigation history and does not apply directly to him is not a "fact" which triggers § 2255(f)(4). United States v. Anderson, 202 WL 1594156 (D. S.C. 2012). Moreover, Simmons is an application of Chambers and Carachuri, respectively. Id. Even if Simmons, 649 F.3d 237 (4th Cir.2011), were a "new fact" under § 2255(f)(4) that was somehow applicable to Defendant's previous convictions, the Fourth Circuit has held that the relief in Carachuri–Rosendo, as applied in Simmons, is not retroactively available in motions for relief under § 2255. See U.S. v. Crook, 2012 WL 5904049 (D. S.C. 2012); United States v. Powell, 691 F.3d 554 (4th Cir.2012). Additionally, the Court notes that Simmons was not a case analyzing a collateral attack, but rather was a decision in a direct criminal appeal. The Court concludes that Petitioner's argument as to timeliness is not sufficiently persuasive.

Finally, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.[3]

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 372) and the Government's motion to dismiss is **GRANTED** (Doc. # 376). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
August 8, 2013                                  Chief United States District Judge
Florence, SC

---

[3] Although the Court concludes that Petitioner's petition is untimely, it notes that the Government also argues that Petitioner's motion is barred based on the waiver in paragraph 13 of his plea agreement in which Petitioner waived his "right to contest either the conviction or the sentence in any direct appeal or other postconviction action, including any proceedings under 28 U.S.C. § 2255." Petitioner has not asserted a claim of ineffective assistance or prosecutorial misconduct, which are the only recognized exceptions to the waiver. The Court finds this position to be persuasive.